UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN COLLINS,<br>　　　　Plaintiff,<br>　　v.<br>COUNTY OF ALAMEDA, et al.,<br>　　　　Defendants. | Case No. 20-cv-05477-EMC<br><br>**ORDER GRANTING DEFENDANT DOOHER'S MOTION FOR SUMMARY JUDGMENT**<br><br>Docket Nos. 98, 100 |

　　　　Plaintiff Kevin Collins was arrested and imprisoned for the shooting of a prostitute, Radajsha Briggs, on December 7, 2017. Almost two years later, Mr. Collins was released and the charges against him dismissed. He was never tried for nor convicted of the crime. Subsequently, Mr. Collins filed suit against. He claimed a violation of rights under both federal and state law, including but not limited to 42 U.S.C. § 1983. Previously, the Court addressed motions for summary judgment that were filed by the City Defendants (consisting of the City of Oakland, the Chief of Police at the time, and several police officers) and Ms. Dooher, a Deputy District Attorney ("DDA") for Alameda County. The Court granted the City Defendants' motion for summary judgment in its entirety. For Ms. Dooher, the Court granted her motion with respect to the federal claims but deferred ruling on the state law claims. The Court asked Mr. Collins and Ms. Dooher to address, through supplemental briefing, the merits of the law state claims under a summary judgment standard. The parties have now filed their supplement briefs.

　　　　Having considered the supplemental briefs, the prior briefing, and all evidence of record, the Court hereby **GRANTS** Ms. Dooher summary judgment on the state law claims.

# I.    **DISCUSSION**

The Court incorporates by reference the factual and procedural background, as stated in its prior summary judgment order. It also incorporates by reference the legal standard for summary judgment, as stated in the same prior order.

The state law claims that remain against Ms. Dooher are as follows: (1) conspiracy (the seventeenth cause of action); (2) violation of the right to privacy (the eighteenth cause of action); (3) intentional infliction of emotional distress ("IIED") (the twenty-fifth cause of action); and (4) private attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 (the twenty-seventh cause of action).

## A.    Conspiracy

The claim for conspiracy is not valid because "[c]ivil conspiracy is not an independent cause of action. Instead, it is a theory of co-equal legal liability under which certain defendants may be held liable for 'an independent civil wrong' committed by others." *Navarrete v. Meyer*, 237 Cal. App. 4th 1276, 1291 (2015).

Even if the Court were to construe the claim as pleading an underlying tort(s) involving the "fabrication [or] falsification of evidence" so as "to prosecute Mr. Collins for crimes [the individual defendants] knew he did not commit," TAC ¶ 317, Mr. Collins would fare no better. Mr. Collins suggests that Ms. Dooher was engaged in a conspiracy with, in particular, Officer Hight, when she approved the conducting of a second photo lineup, approved the use of a wall-off stop to get a new photo of Mr. Collins, and helped to create and approved the second photo lineup. The problem for Mr. Collins is that, even if Ms. Dooher took these actions, it cannot be reasonably inferred from those actions that she was thereby conspiring with Officer Hight. For example, even if Ms. Dooher approved the conducting of a second lineup, the undisputed evidence indicates that Officer Hight told her that Ms. Briggs was not sure about her pick from the first lineup. *See* Docket No. 92 (Order at 17). Also, even if Ms. Dooher approved the use of a wall-off stop, there is no evidence that she approved a stop to be conducted without reasonable suspicion or probable cause or approved an unduly prolonged stop; nor is there evidence that she subsequently ratified such a stop. *See* Docket No. 92 (Order at 19-20). Finally, even if Ms. Dooher helped to create

2

1    and approved the second photo lineup, the second photo lineup was not, at the time, clearly unduly
2    suggestive, and thus not a basis for inferring that she agreed to participate in unconstitutional
3    conduct. *See* Docket No. 92 (Order at 20-24). In short, Mr. Collins's conspiracy claim is entirely
4    speculative.

5    B.      Violation of the Right to Privacy

6    The claim based on invasion of privacy appears to be based on Mr. Collins's picture being
7    taken during the "ruse" wall-off traffic stop. *See, e.g.*, TAC ¶ 321; *see also* Pl.'s Supp. Br. at 6-8.
8    In its prior order on summary judgment, the Court agreed with the City Defendants' argument that
9    the claim lacked merit because "'a person does not have a reasonable expectation of privacy
10   against being photographed in public.'" Docket No. 92 (Order at 28); *see also Folgelstrom v.
11   Lamps Plus, Inc.*, 195 Cal. App. 4th 986, 990 (2011) ("The elements of a cause of action for
12   violation of the California Constitution's guaranteed right to privacy are '(1) a legally protected
13   privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by
14   defendant constituting a serious invasion of privacy.'").

15   The same reasoning applies for the privacy claim asserted against Ms. Dooher. The Court
16   emphasizes that, as noted above, even if Ms. Dooher approved the use of a wall-off stop, there is
17   no evidence that she approved a stop without reasonable suspicion or probable cause or an unduly
18   prolonged stop, or that she subsequently ratified such a stop. In his supplemental brief, Mr.
19   Collins suggests that, once Ms. Dooher saw the photo that was taken of him, she should have
20   known that his privacy rights had been violated because his body language clearly showed his lack
21   of consent. But if there was nothing to suggest that the stop was problematic, Mr. Collins did not
22   have a reasonable expectation of privacy against being photographed in public. Although not
23   necessary to its ruling here, the Court also notes that Mr. Collins's claim that it was obvious that
24   he did not consent to his picture being taken is without basis.

25   C.      IIED

26   Finally, summary judgment is warranted on the IIED claim because the evidence does not
27   support any outrageous conduct on the part of Ms. Dooher. For instance, as stated above, even if
28   she approved the conducting of a second photo lineup, the evidence reflects that this was only

1 after Officer Hight told her that Ms. Briggs was unsure about her pick from the first photo lineup.
2 Furthermore, even if Ms. Dooher approved a wall-off stop, there is no evidence that she approved
3 a stop without reasonable suspicion or probable cause or an unduly prolonged stop (or that she
4 subsequently ratified such a stop).  Finally, even if there were some issues with the second photo
5 lineup, it was not clearly unduly suggestive.  There is no basis for a claim of outrageous conduct

D.     Private Attorneys' Fees

Finally, there is no independent cause of action for attorneys' fees.  In addition, there is no viable state claim to support a claim for fees.  Finally, although not necessary to its ruling here, it seems highly unlikely that Mr. Collins could meet the § 1021.5 standard for fees which requires that there be a "significant benefit, whether pecuniary or nonpecuniary, . . . conferred on the general public or a large class of persons."  Cal. Code Civ. Proc. § 1021.5.  Mr. Collins asserts that, "upon success at trial, [he] will have provided the public a significant benefit in improving the Alameda County and Oakland Police Department practices," Pl.'s Supp. Br. at 10; however, there was no evidence of a deficiency in the government entities' customs, policies, or practices, and thus the claims against them were dismissed.

## II.     CONCLUSION

For the foregoing reasons, the Court concludes that summary judgment in favor of Ms. Dooher is proper on the state law claims.  This order disposes of the final claims remaining in the case.  Accordingly, the Court orders the Clerk of the Court to enter a final judgment in favor of (1) the City Defendants and (2) the County Defendants (including Ms. Dooher) and close the file in the case.

This order disposes of Docket Nos. 98 and 100.

**IT IS SO ORDERED**.

Dated: November 21, 2022

_____
EDWARD M. CHEN
United States District Judge

4